UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

JIM MAZZ AUTO, INC.,
NATIONAL TOWING & STORAGE, INC.,
JIM MAZZ AUTO COLLISION & SALES, INC.,
JAMES MAZZARIELLO, and
DONNA MAZZARIELLO,

                                        Plaintiffs,

        v.                                              **DECISION AND ORDER**
                                                        13-CV-226-RJA
CITY OF BUFFALO and
KEVIN HELFER,

                                        Defendants.

═══════════════════════════════


        Plaintiffs Jim Mazz Auto, Inc., National Towing & Storage, Inc., and Jim Mazz

Auto Collision & Sales, Inc. ("the corporate Plaintiffs"), and James Mazzariello and

Donna Mazzariello ("the individual Plaintiffs") (collectively, "Plaintiffs") commenced

the current action on February 28, 2013 against Defendants the City of Buffalo and

Kevin Helfer (collectively, "Defendants"), alleging 16 causes of action to include

federal First Amendment and due process violations; restraint of trade in violation of

the Sherman Act, 15 U.S.C. § 1; and various state law claims arising out of

Defendants' alleged interference with Plaintiffs' towing business activities, licensed

by the Defendant City of Buffalo.  Dkt. No. 1.  Plaintiffs allege economic damages

related to substantial lost income to their business and lost business opportunities

due to Defendants' conduct.  Dkt. No. 1.

1

Pending before the Court is Defendants' motion, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(c), 37(c)(1), 41(b), and 56, seeking to dismiss the Complaint in its entirety and/or to grant Defendants summary judgment.  Dkt. No. 63.  Plaintiffs failed to respond to the motion.  Defendants filed reply papers.  Dkt. No. 67.  Upon due consideration, and for the following reasons, the Court grants Defendants' motion pursuant to Rule 41(b).

## PROCEDURAL HISTORY

Plaintiffs, *i.e.*, three corporations and two individuals in their individual and corporate capacities, initiated this action on February 28, 2013.  *See* Dkt. No. 1. Defendants filed their Answer on April 5, 2013.  Dkt. No. 7.  Several days after the Answer was filed, this Court referred the case to Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. § 636(b)(1)(A), for all non-dispositive motions and applications.  Dkt. No. 9.[1]  The parties clearly engaged in some discovery and motion practice thereafter.  *See, e.g.*, Dkt. No. 30 (Plaintiffs' motion to compel discovery); Dkt. No. 40 ("To date, the Parties have largely been cooperative and diligent in their efforts to move this matter forward.  Initial disclosures have been exchanged, discovery was commenced, and mediation was undertaken, all prior to the instant motion."); *but see* Dkt. No. 63-3, ¶¶ 13, 29 (declaring that, as of the filing of the pending motion, Defendants had not received any responses to their discovery demands).

---

[1] The case was originally assigned to District Judge William M. Skretny but was later reassigned to Judge Arcara.  *See* Dkt. Nos. 9, 16.

On November 18, 2014, Plaintiffs filed a motion to stay the case pending resolution of a parallel criminal matter against Plaintiff James Mazzariello (*see United States v. James Mazzariello, Jr.*, Case No. 13-CR-211-RJA-HBS), Dkt. No. 37, which was granted on December 17, 2014, Dkt. No. 41.  Plaintiffs' basis for requesting a stay was they were concerned James Mazzariello,[2] who was indicted federally on October 2, 2013 (approximately 7 months after the instant civil complaint was filed), would be faced with the choice of either taking the Fifth Amendment regarding any business-related questions posed to him in a civil deposition and "suffer[ing] the effects of a negative inference or presumption in the civil proceeding," or risking such testimony and having it used against him in the criminal case.  The parties to the civil proceeding were directed by the Magistrate Judge to inform the Court about the outcome of the criminal case so that the civil case could proceed at that juncture.  *See* Dkt. No. 49.

On June 27, 2018, Magistrate Judge Foschio set a status conference for August 6, 2018, Dkt. Nos. 50, 51, which was presumably precipitated by Plaintiff James Mazzariello's sentencing in the criminal case having occurred on June 7, 2018, after he entered a change-of-plea on May 9, 2017.  *See* Case No. 13-CR-211-RJA-HBS, CM/ECF Minute Entries, 05/09/2017, 06/07/2018; Dkt. No. 244 (Judgment).  The Magistrate Judge continued the stay and scheduled a further status conference.  Dkt. Nos. 51, 53.

---

[2] Plaintiffs asserted that James Mazzariello was "the individual responsible for running the day-to-day operations" of the corporate Plaintiffs, and thus he is "the individual most qualified to testify to the loss in business the [corporate Plaintiffs] sustained as a result of the conduct of Defendants."

On October 10, 2018, Plaintiffs' counsel filed a motion to adjourn the scheduled status conference and withdraw as counsel based on his inability to reach his clients.  Dkt. No. 54; Dkt. No. 54-1, ¶ 7 ("Despite numerous attempts to reach my clients to discuss the proceedings in this action, I have not been able to reach them, nor have they returned any phone calls or responded to any letters requesting that they reach out to my office.").  The Court entered an order that same day granting the motion to adjourn the status conference, setting a schedule for response and reply papers to the motion to withdraw and a subsequent hearing date, and stating, "Plaintiff [sic] shall notify the court at the hearing if new counsel has been retained and the identity of such counsel."  Dkt. No. 55.  A copy of the order was mailed by the Clerk's Office, at the Court's directive, to the individual Plaintiffs.  Dkt. No. 55.

On October 29, 2018, a motion hearing was held, and Plaintiffs' counsel was ordered to re-serve the motion.  Dkt. No. 56.  Magistrate Judge Foschio issued another order with an adjusted briefing schedule and a new hearing date, and a copy of that order was sent to the respective, individual Plaintiffs.  The order also stated, "[a]s Plaintiffs Jim Mazz Auto, Inc., National Towing & Storage, Inc., and Jim Mazz Auto Collision & Sales, Inc. are corporations, they are required to appear by counsel.  Plaintiffs, including Plaintiffs Donna and James Mazzariello, shall notify the court at the hearing if new counsel has been retained and the identity of such counsel."  Dkt. No. 57.  A subsequent entry notes that the oral argument date scheduled to address the pending motion to withdraw was adjourned "at the request of Plaintiff Donna Mazzariello."  Dkt. No. 58.  Again, a copy of the Court's text order setting a new motion hearing date was mailed to the individual Plaintiffs.

On January 14, 2019, the Court held a motion hearing where Plaintiffs' and Defendants' attorneys appeared, but the individual Plaintiffs did not.  Dkt. No. 59. The Court vacated the stay, discussed a third amended scheduling order that was issued that same day, and granted Plaintiffs' counsel's unopposed motion to withdraw.  Dkt. No. 59.  In a text order docketed in the same entry as the minute entry, the Court noted that the individual Plaintiffs were proceeding *pro se*, but the corporate Plaintiffs could not.  Dkt. No. 59.  Copies of the text order and the third amended scheduling order (Dkt. No. 60), ordering, among other things, all discovery to be completed by June 21, 2019, and any dispositive motions to be filed by November 22, 2019, were mailed to all Plaintiffs.  The mail was returned as undeliverable as to Plaintiffs Jim Mazz Auto Collision & Sales, Inc. and National Towing & Storage, Inc.  Dkt. No. 61, 62.

On November 22, 2019, Defendants filed the pending motion to dismiss or for summary judgment.  Dkt. No. 63.  Defendants included in their motion a Rule 56 Notice to *Pro Se* Litigants.  Dkt. No. 63-1.  The motion was served on all Plaintiffs at the same addresses held by the Court.  *See* Dkt. No. 63-12 (Certificate of Service). Magistrate Judge Foschio issued a briefing schedule, which was mailed to all Plaintiffs, requiring responses to be filed by January 24, 2020, and replies to be filed by February 21, 2020.  *See* Dkt. No. 64.  Again, the order was returned as undeliverable as to Plaintiffs National Towing & Storage, Inc. and Jim Mazz Auto Collision & Sales, Inc.  Dkt. No. 65, 66.  None of the Plaintiffs responded to the motion.  Defendants filed a response in further support of their motion on February 21, 2020.  Dkt. No. 67.

5

## DISCUSSION

Defendants seek dismissal of the Complaint based, in part, on Plaintiffs'
failure to prosecute the case.  *See* Dkt. No. 63-11, pp. 7-9.  The standards
governing Rule 41 favor granting dismissal.

Rule 41(b) permits the Court to dismiss an action or claim if a plaintiff fails to
prosecute or comply with a court order.  While "explicitly sanctioned by Rule 41(b),
the Court's power to take such action is generally considered "an 'inherent power,'
governed not by rule or statute but by the control necessarily vested in courts to
manage their own affairs so as to achieve the orderly and expeditious disposition of
cases."  *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (internal quotation
marks and citations omitted).  The Second Circuit has acknowledged that "dismissal
with prejudice is a harsh remedy to be utilized only in extreme situations."  *Lyell
Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (internal quotation
marks and citation omitted).  The Court is well aware that "*pro se* plaintiffs should be
granted special leniency regarding procedural matters."  *Jackson v. Mulroy*, 12 Fed.
Appx. 80, 82 (2d Cir. 2001) (summary order) (internal citation omitted).

In considering dismissal, a court must consider whether: (1) plaintiffs' failure
to prosecute caused a delay of significant duration; (2) plaintiffs were given notice
that further delay would result in dismissal; (3) defendants were likely to be
prejudiced by further delay; (4) the need to alleviate court calendar congestion was
carefully balanced against plaintiffs' rights to an opportunity for a day in court; and
(5) the trial court adequately assessed the efficacy of lesser sanctions.  *See Lewis*,
564 F.3d at 576; *see also United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248,

6

254 (2d Cir. 2004).  Courts "almost exclusively" apply these factors to "instances of litigation misconduct such as failure to comply with a scheduling order or timely to respond to pending motions."  *Lewis*, 564 F.3d at 576.  No single factor is dispositive, as the determination whether to dismiss a case for failure to prosecute depends on the factual circumstances in the case at hand.  *Id.*   In the instant case, the Court holds that each of these factors weigh in favor of dismissal, although some more heavily than others.

On the question of duration of the delay, Plaintiffs' former counsel withdrew from the case in October 2018 after Plaintiffs failed to return any of his phone calls or letters.  Likewise, the Court has not heard from Plaintiffs in over four years, with the last communication being in December 2018 by Donna Mazzariello, who informally requested that Magistrate Judge Foschio adjourn a motion hearing that she ultimately failed to attend.  As further proof of Plaintiffs' failure to pursue this action, Defendants' motion to dismiss or for summary judgment has been pending since November 22, 2019, a period of over three years, and Plaintiffs have not filed any opposition papers or sought an extension of time to do so.  The delay in this case is significant, and attributable to Plaintiffs.  *See*, *e.g.*, *Drake*, 375 F.3d at 255 (finding a 17-month delay "significant"); *Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 Fed. Appx 40, 42-43 (2d Cir. 2013) (summary order) (upholding district court's dismissal of *pro se* plaintiff's complaint seven months after defendant's Rule 41(b) motion was filed, which also accounted for plaintiff's approximately seven months of inactivity that occurred prior to defendant's motion being filed); *Abbas v. United States*, 10-CV-141S, 2019 WL 4922173, 2019 U.S. Dist. LEXIS 172916, *5-6

7

(W.D.N.Y. Oct. 4, 2019) (holding inaction by plaintiff for almost 18 months weighed in favor of dismissal, and that the inactivity was "a failure of significant duration"). The court finds that this first factor weighs heavily in favor of dismissal.

As to notice, this factor weighs slightly in the direction of dismissal. Plaintiffs who did receive Defendants' pending motion were made aware of the possibility that the case would be dismissed, particularly in light of the Rule 56 notice to *pro se* litigants that was attached. *See* Dkt. No. 63-1 (stating in large, bold lettering that failure to respond to the motion for summary judgment may result in the grant of judgment in favor of the party seeking summary judgment and dismissal of all or part of the case); *see also* L. R. Civ. P. 7(a)(2)(A) (requiring the opposing party to any motion filed pursuant to Fed. R. Civ. P. 12 or 56 to "file and serve an answering memorandum," and stating that failure to do so "may constitute grounds for resolving the motion against the non-complying party"). While the Court has not explicitly informed Plaintiffs that their failure to prosecute this case would result in dismissal, they were also aware of this possibility by the fact that Defendants are seeking dismissal of the case and that Defendants' request for relief has gone unopposed. *See*, *e.g.*, *Hunter*, 515 Fed. Appx. at 43 (concluding that plaintiff had sufficient notice based on defendant's motion for summary judgment and a separate motion to dismiss for failure to prosecute).

Prejudice in this case can be presumed based on the unreasonable delay. *See Lyell Theatre Corp.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed . . . , but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally

8

greater[.]"); *see*, *e.g.*, *Canales v. Sheahan*, No. 12-CV-693(LJV)(HBS), 2019 U.S.
Dist. LEXIS 23630, *9 (W.D.N.Y. Feb. 13, 2019) ("It bears repeating that this case is
nearly seven years old.  Defendants are therefore likely to be prejudiced, because
'delay by one party increases the likelihood that evidence in support of the other
party's position will be lost and that discovery and trial will be made more difficult.'")
quoting *Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999), *report and
recommendation adopted by Canales v. Sheahan*, 12-CV-693, 2019 WL 4303436,
2019 U.S. Dist. LEXIS 155202 (W.D.N.Y. Sept. 11, 2019).  In addition to likely
prejudice to Defendants, the delay will also result in difficulty in the Court's ability to
manage its docket.  As such, this factor necessarily favors dismissal.

Moreover, the issue of judicial resources also weighs in Defendants' favor.
While this case has not been scheduled for trial or for oral argument, Plaintiffs'
failure to respond to Defendants' discovery requests and motion suggests that
Plaintiffs no longer wish to have their day in court.  "Because [Plaintiffs have] made
no effort . . . to prosecute [this] action, it would be unfair to the numerous other
litigants who await the attention of this Court to permit [Plaintiffs'] suit to remain on
the Court's docket."  *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y.
2004).  However, this factor weighs only somewhat in Defendants' favor because
Plaintiffs have not engaged in any affirmative obstructionist conduct; rather, they
have simply failed—in their lack of attention to this matter—to continue this litigation.

Finally, the Court recognizes that dismissal is a harsh sanction, but it appears
no lesser sanction would be effective.  A lesser sanction, such as a fine or payment
of attorneys' fees, might compensate Defendants for the cost they have incurred in

defending a lawsuit that Plaintiffs appear to not want to pursue. But given Plaintiffs' consistent inattention to this case, a lesser sanction would ultimately accomplish very little. In fact, Plaintiffs' prior counsel withdrew from the case after Plaintiffs failed to respond to his repeated attempts to discuss and pursue the case with them.

With respect to the corporate Plaintiffs, "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (internal citations omitted). Here, the Magistrate Judge explicitly stated on the record, and in an order that was mailed to Plaintiffs, that while the individual Plaintiffs could proceed *pro se* upon Plaintiffs' counsel's withdrawal from the case, the corporate Plaintiffs could not proceed *pro se*. *See* Dkt. No. 59. Despite the Court sending notice of those corresponding documents/ entries to the corporate Defendants, they have yet to appear by counsel. These entities cannot proceed without a lawyer and have made no effort to contact the Court to request additional time to obtain one— and they have now had years to do so. "Where a corporate plaintiff fails to appear by counsel, dismissal for failure to prosecute pursuant to Rule 41(b) . . . is appropriate." *Schwartzman v. Label, LLC*, 1:15-cv-05793 (VSB) (SDA), 2020 WL 1034373, 2020 U.S. Dist. LEXIS 11515, *3 (S.D.N.Y. Jan. 22, 2020) (internal quotation marks and citation omitted) (collecting cases).

The Local Rules also provide that "if no action has been taken by the parties in six (6) months," the Court may issue a written order requiring the parties to show cause within 30 days why the case should not be dismissed for failure to prosecute, to which a lack of response may result in an order dismissing the case. Local R.

Civ. P. 41(b).  Issuing such an order, especially as to two of the corporate Plaintiffs, however, "would be pointless" because they appear to no longer be receiving mail at the address they most recently provided to the Court.  *Gonzalez v. Hunt*, 308 F. Supp. 3d 734, 736 (W.D.N.Y. 2018); *see* Dkt. Nos. 61, 62, 65, 66 (mail from the Court returned as undeliverable).  Indeed, as Defendants point out in their reply papers, under Local Rule of Civil Procedure 5.2(d), *pro se* litigants are required to provide the Court with a current address at all times, and that rule expressly states that "[f]ailure to do so may result in dismissal of the case, with prejudice."  *See Gonzalez*, 308 F. Supp. 3d at 736 ("[T]he Court has been effectively prevented from warning [plaintiff] that this action is subject to dismissal because of his own failure to keep the Court apprised of his address.  Under these circumstances, [the Court] see[s] no reason to require defendants or the Court to continue to expend any further time or effort in this case.").

Having carefully balanced the five factors, the Court concludes that dismissal is appropriate.

Because of the Court's ruling, it need not address the remainder of Defendants' arguments in their motion to dismiss or for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss, Dkt. No. 63, pursuant to Rule 41(b).  The Clerk of the Court is directed to take all steps necessary to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the

Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be

directed, on motion, to the United States Court of Appeals for the Second Circuit, in

accordance with Rule 24 of the Federal Rules of Appellate Procedure.


**IT IS SO ORDERED.**

_ _s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT


Dated:   March 14, 2023
         Buffalo, New York